IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-397

IN RE THE MATTER OF THE REVISIONS TO THE    )
WATER RIGHT CLAIM EXAMINATION RULES         )          ORDER
AND THE WATER COURT PRACTICE AND            )
PROCEDURE RULES.                            )

We issued an Order, dated December 6, 2006, in which we adopted the First Amended Petition and the Second Amended Petition submitted by the Honorable Bruce C. Loble, Chief Water Judge of the Montana Water Court, to modify the water right claim examination duties of the Department of Natural Resources and Conservation (DNRC) and to the Water Court's practice and procedure rules. In that same Order, we directed the Water Court, in consultation with DNRC, Department of Fish, Wildlife and Parks (DFWP), and other interested parties, to file within 60 days proposed rules regarding appearances by non-lawyers in the Water Court.

The Water Court filed the Petition to Adopt Rules Regarding Non-Lawyer Appearances in the Water Court and Pre and Post Decree Conferences with DNRC Claim Examination Staff (Petition) on February 5, 2007. The Court considered the Petition at its public meeting conducted on March 20, 2007. We considered the Petition again at our public meeting conducted on August 7, 2007. The Petition derives from the Water Court's efforts to comply with our directive that the Water Court work with other interested parties, including DNRC, DFWP, and the Commission on the Unauthorized Practice of Law, to develop rules regarding assistance by non-lawyers in the Water Court.

We generally agree with the Petition to the extent that it would allow for non-lawyer assistance during the administrative review process and during the initial settlement proceedings before the Water Court. The first situation involves non-lawyers meeting with DNRC personnel during the claim examination process. Proposed Rule 47, W.R.C.E.R. addresses activities taking place during the DNRC claim examination process. We have attached the new proposed Rule 47, W.R.C.E.R., to this Order as Exhibit A.

The Petition also seeks revisions to Rule 16, W.R.Adj.R. As modified, the revisions specify that non-lawyers could assist parties during initial settlement proceedings. The initial settlement proceedings include the period between the time when the Water Court issues a preliminary decree and the time when the Water Court issues a hearing track order. Proposed Rules 16(a), 16(b), and 16(c), W.R.Adj.R., as modified by this Court, address the proper involvement of non-lawyers in the process during the initial settlement proceedings. We have attached the new proposed Rules 16(a), 16(b), and 16(c), W.R.Adj.R., as modified by this Court, to this Order as Exhibit B.

Proposed Rules 33(a), 33(b), and 33(c), W.R.Adj.R., clarify the scope of assistance that a non-lawyer may provide in the Water Court process. Proposed Rule 33(a) limits representation in the Water Court to licensed attorneys except when persons represent themselves. Proposed Rule 33(b) confirms that a party need not be represented by counsel when engaged in meetings and discussions with DNRC as part of the administrative functions performed by DNRC. Proposed Rule 33(c) seeks to shield licensed attorneys from charges of violations of the Rules of Professional Conduct based upon conferring, negotiating, or resolving issues with "pro se" representatives in the Water Court process. We have attached the new proposed Rules 33(a), 33(b), and 33(c), W.R.Adj.R., to this Order as Exhibit C.

We adopt proposed Rule 47, W.R.C.E.R., regarding activities that take place during the DNRC claim examination process, proposed Rules 16(a), 16(b), and 16(c), W.R.Adj.R., regarding the involvement of non-lawyers in the initial settlement proceedings, and proposed Rules 33(a), 33(b), and 33(c), W.R.Adj.R., regarding the need for attorney representation in the water adjudication process. Our adoption of these three proposed rules reflects the unique nature of the Water Court proceedings.

These recommendations strike a balance between the unique nature of the Water Court proceedings and Montana's generally applicable laws and rules regarding the practice of law. Allowing non-lawyers to assist parties during the claim examination process with DNRC and the initial settlement proceedings provides needed flexibility to the system

2

without opening the door to the wholesale involvement of non-lawyers. Once the Water Court issues a hearing track order as part of the adjudicative proceeding, however, the more generally applicable rules regarding the practice of law must apply. Therefore,

IT IS HEREBY ORDERED that the Petition to Adopt Rules Regarding Non-Lawyer Appearances in the Water Court and Pre and Post Decree Conferences with DNRC Claim Examination Staff is GRANTED with respect to proposed Rule 47, W.R.C.E.R.; with respect to proposed Rules 16(a), 16(b), and 16(c), W.R.Adj.R., as modified by this Court; and with respect to proposed Rules 33(a), 33(b), and 33(c), W.R.Adj.R., as attached hereto and incorporated by reference.

IT IS FURTHER ORDERED that these amendments shall take effect upon the date of this Order.

IT IS FURTHER ORDERED that the State Bar of Montana publish in the next available issue of The Montana Lawyer a copy of this Order. The notice shall indicate that copies of the proposed Rule 47, W.R.C.E.R., attached as Exhibit A, Proposed Rules 16(a), 16(b), and 16(c), W.R.Adj.R., attached as Exhibit B, and the Rule 33, W.R.Adj.R., attached as Exhibit C, are available for review and copying on the State Bar of Montana and the Montana State Law Library websites, www.montanabar.org, and www.law.library.state.mt.us. The Clerk of the Montana Water Court also shall post a copy of this Order for public review in its office.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to John C. Schulte, President of the State Bar of Montana; Chris Manos, Executive Director, State Bar of Montana; The Honorable C. Bruce Loble, Chief Water Judge, Montana Water Court; Tim D. Hall, Legal Counsel, Montana Department of Natural Resources and Conservation; G. Steven Brown, Attorney for the Montana Board of Natural Resources and Conservation; Mike Murphy, Executive Director of the Montana Water Resources Association; Krista Lee Evans, Environmental Quality Council; Judy Meadows, Librarian, State Law Library; and Gregory J. Petesch, Code Commissioner. The Clerk of this Court also shall give notice by electronic mail to the Clerks of the District Courts of the State of

3

Montana. The Clerks of the District Courts of the State of Montana shall, in turn, post a copy of this Order for public review in these offices, and shall provide a copy of this Order to the respective District Court Judges.

IT IS FURTHER ORDERED that the Montana Water Court shall mail a copy of this Order to the members of the Water Adjudication Advisory Committee.

DATED this 21st day of March 2008.

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

## EXHIBIT A

**Rule 47.  Unauthorized Practice of Law.**  It is not the unauthorized practice of law for water users (with or without the assistance of attorneys) and department claims examination personnel to confer, to exchange information, or to prepare, tender, and accept amendments to statements of claim when they do so in accordance with the Water Right Claim Examination Rules or § 85-2-243, MCA.

**Rule 16.  SETTLEMENT AND MEDIATION.**

**Rule 16(a).  Settlement Proceedings.**  The water court promotes and will facilitate resolution of objections and issue remarks through settlement or mediation.  Parties or department claim examination personnel may confer and exchange information during the initial settlement proceedings.  Parties or department claim examination personnel may prepare and tender documents during the initial settlement proceedings.  Parties or department claim examination personnel may file with the water court settlement documents or issue remark resolution documents during the initial settlement proceedings.  Parties or department claim examination personnel will not engage in formal discovery or file potentially dispositive motions before the water court issues a hearing track order pursuant to Rule 16(c), W.R.Adj.R., without leave of the water court.

**Rule 16(b).  Mediation.**  The water court, upon motion of a party or upon its own initiative, may appoint a mediator to promote and facilitate settlement.  The parties shall share and pay the expense of hiring a mediator as directed by the water court.

**Rule 16(c).  Hearing Track.**  The water court will issue an order commencing formal hearing proceedings if the parties fail to file settlement documents or issue remark resolution documents within a reasonable amount of time after the water court has issued a decree pursuant to Rule 3, W.R.Adj.R.  The water court's hearing track order triggers the requirement that all parties, other than natural persons representing themselves, must be represented by an attorney in all water court proceedings.  The water court's hearing track order will specify the date by which all counsel must file a notice of appearance with the water court.

**EXHIBIT C**

**RULE 33.  ATTORNEY REPRESENTATION.**

**Rule 33(a).  Attorney Representation.**  After the water court issues its hearing track order under Rule 16(c), W.R.Adj.R., only an attorney licensed to practice law in Montana (or an attorney who is admitted *pro hac vice*) may represent a party in water court proceedings except when natural persons appear *pro se*.

**Rule 33(b).  Unauthorized Practice of Law.**  Actions taken under Rule 16(a) or 16(b), W.R.Adj.R., do not constitute the unauthorized practice of law.

**Rule 33(c).  Rules of Professional Conduct.**  It is not a violation of Rule 5.5 of the Montana Rules of Professional Conduct for an attorney to confer, negotiate or resolve issues with an unrepresented party under Rule 16(a) or 16(b), W.R.Adj.R., during the initial settlement proceedings, or for water court personnel to accept and rely upon documents filed by or on behalf of an unrepresented party under Rule 16(a) or 16(b), W.R.Adj.R.